# EXHIBIT A

**KOLLER LAW LLC**
David M. Koller, Esq. (90119)
Jordan D. Santo, Esq. (320573)
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com



*Filed and Attested by the
Office of Judicial Records
08 AUG 2025 04:51 pm
L. BREWINGTON*

IN THE COURT OF COMMON PLEAS
PHILADELPHIA COUNTY

| | | |
|---|---|---|
| **ODESSEY MOHAMMED,** : | | Civil Action No. |
| **5720 9th Street** : | | |
| **Philadelphia, PA 19139** : | | |
|     **Plaintiff,** : | | |
| : | | |
| v. : | | **Complaint and Jury Demand** |
| : | | |
| **CHILDREN'S HOSPITAL OF** : | | |
| **PHILADELPHIA,** : | | |
| **3401 Civic Center Boulevard** : | | |
| **Philadelphia, PA 19104** : | | |
|     **Defendant.** : | | |

## CIVIL ACTION

Plaintiff, Odessey Mohammed (hereinafter "Plaintiff"), by and through her attorney, Koller Law, LLC, bring this civil matter against Children's Hospital of Philadelphia (hereinafter "Defendant"), for violations of the Pennsylvania Human Relations Act ("PHRA"), the Philadelphia Fair Practices Ordinance ("PFPO") and the at-will employment doctrine. In support thereof, Plaintiff avers as follows:

## THE PARTIES

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing at the above captioned address.

3. Upon information and belief, Defendant Children's Hospital of Philadelphia is a children's

Case ID: 250801327

hospital with a location and corporate headquarters at 3401 Civic Center Boulevard, Philadelphia, PA 19104.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The facts and circumstances which gave rise to this Complaint occurred in and around Philadelphia County and therefore jurisdiction and venue are proper in this Court.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

8. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

9. Plaintiff exhausted her administrative remedies under the PHRA and the PFPO.

10. Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC"), digitally signed on September 14, 2023, alleging disability discrimination and retaliation against Defendant.

11. The Charge was assigned a Charge Number 530-2023-08499 and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").

Case ID: 250801327

12. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") via request relative to the Charge and that Notice is dated May 9, 2025.

13. Prior to the filing of this action, Plaintiff notified the EEOC of her intent to proceed with a lawsuit in federal court.

14. Plaintiff files the instant Complaint within two (2) years of the issuance of the Right to Sue in this matter as it relates to her PHRA claims.

15. Plaintiff has exhausted her administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

16. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

17. On October 24, 2016, Defendant hired Plaintiff in the position of Certified Medical Assistant.

18. Plaintiff was well qualified for her position and performed well.

19. During the course of her employment, Defendant promoted Plaintiff to Lead Certified Medical Assistant.

20. Plaintiff was well qualified for her position and performed well.

21. On April 25, 2023, Plaintiff fell at work and strained her right calf muscle.

22. This injury constituted a disability under the Pennsylvania Human Relations Act ("PHRA") and the Philadelphia Fair Practices Ordinance ("PFPO") and/or Defendant regarded Plaintiff as disabled.

23. The major life activities affected by a torn right calf muscle includes, but is not limited to, walking and performing manual tasks.

24. On Aril 26, 2023, Plaintiff initiated her claim for worker's compensation benefits.

25. A few days later, on April 28, 2023, Plaintiff's right leg was placed in a boot.

Case ID: 250801327

Case 2:25-cv-06336-JHS   Document 1-1   Filed 11/07/25   Page 5 of 11

26. Plaintiff was out of work until May 2, 2023, as Defendant placed her on a leave of absence through that date.

27. Plaintiff obtained a doctor's note with the medical restrictions of occasional lifting, pushing, and pulling of up to ten (10) pounds, no squatting, and sitting for 85% of her shift.

28. Plaintiff gave the note to Candice Adams, Practice Operations Manager III, who approved the request for the aforementioned restrictions.

29. After she returned to work, doctors and other staff did not comply with her approved medical restrictions.

30. They asked her on numerous occasions to walk to obtain medicine for nurses.

31. These tasks, if performed, violated her approved restrictions.

32. Plaintiff proceeded to complain to Adams and Mary Detweiler, Nurse Case Manager.

33. However, they took no action to remedy this violation of her approved medical restrictions.

34. Instead, on June 20, 2023, Plaintiff met with Adams who informed her that Defendant was eliminating her role effective August 20, 2023.

35. On June 21, 2023, Adams sent an email to Plaintiff as a follow up to their conversation the day before regarding how Defendant was eliminating her role effective August 20, 2023.

36. That same day, Defendant reduced Plaintiff's pay by almost five (5) dollars per hour.

37. However, no agent of Defendant notified Plaintiff of this pay reduction.

38. Plaintiff later learned of the reduction in her payrate through Defendant's computer system, Workday.

4

Case ID: 250801327

39. Plaintiff inquired about what her next steps were to Adams and Crissy Kovacs, Human Resources Business Partner.

40. On June 22, 2023, Kovacs informed Plaintiff that she had 60 days to find a position internally and that she would be terminated if she did not find one.

41. Plaintiff proceeded to apply for internal positions at Defendant and received two (2) invitations for interviews.

42. However, when Plaintiff requested the day off in order to attend the interviews, Adams did not grant her requests.

43. Defendant essentially blocked Plaintiff from attending interviews for another position to maintain her employment.

44. Due to Defendant's conduct, Plaintiff submitted her resignation on July 23, 2023, to Adams and Kovacs to be effective July 24, 2023.

45. Plaintiff was constructively discharged.

46. Defendant discriminated against Plaintiff due to her disability, failed to accommodate Plaintiff and engage in the interactive process, and retaliated against Plaintiff for engaging in protective activity in violation of the ADA, the PHRA and the PFPO.

47. In addition, Defendant retaliated against Plaintiff for filing a worker's compensation claim in violation of the at-will employment doctrine.

48. Defendant's acts and/or omissions were willful or performed with reckless disregard to Plaintiff's federal statutorily protected rights.

### COUNT I – DISABILITY DISCRIMINATION
### PENNSYLVANIA HUMAN RELATIONS ACT

49. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

50. Plaintiff is a "qualified individual with a disability" as that term is defined under the

Case ID: 250801327

PHRA because Plaintiff has, or had at all times relevant hereto, disabilities that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.

51. Plaintiff was qualified to perform the job.

52. Plaintiff was subject to an adverse employment action, including, but not limited to termination.

53. Circumstances indicated that Plaintiff's disabilities were the reason for the adverse employment action.

54. Defendant did not have a legitimate non-discriminatory reason for Plaintiff's adverse employment actions.

55. Plaintiff's disabilities motivated Defendant's decision to constructively discharge Plaintiff.

56. The purported reason for Defendant's decision is pretextual.

57. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

58. The above actions by Defendant also constitute a failure to accommodate and a failure to engage in the required interactive process.

59. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

Case ID: 250801327

## COUNT II – DISABILITY DISCRIMINATION
## <u>PHILADELPHIA FAIR PRACTICES ORDINANCE</u>

60. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

61. Plaintiff is a "qualified individual with a disability" as that term is defined under the PFPO because Plaintiff has, or had at all times relevant hereto, disabilities that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.

62. Plaintiff was qualified to perform the job.

63. Plaintiff was subject to an adverse employment action, including, but not limited to termination.

64. Circumstances indicated that Plaintiff's disabilities were the reason for the adverse employment action.

65. Defendant did not have a legitimate non-discriminatory reason for Plaintiff's adverse employment actions.

66. Plaintiff's disabilities motivated Defendant's decision to constructively discharge Plaintiff.

67. The purported reason for Defendant's decision is pretextual.

68. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

69. The above actions by Defendant also constitute a failure to accommodate and a failure to engage in the required interactive process.

70. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

Case ID: 250801327

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT III – RETALIATION
## PHILADELPHIA HUMAN RELATIONS ACT

71. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

72. Plaintiff engaged in activity protected by the PHRA.

73. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, constructive discharge.

74. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT IV – RETALIATION
## PHILADELPHIA FAIR PRACTICES ORDINANCE

75. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

76. Plaintiff engaged in activity protected by the PFPO.

77. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, constructive discharge.

78. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

Case ID: 250801327

## COUNT V – WRONGFUL TERMINATION
## AT-WILL EMPLOYMENT DOCTRINE

79. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

80. Plaintiff was an at-will employee with Defendant.

81. Defendant eliminated Plaintiff's position in retaliation for filing a worker's compensation claim.

82. This is a violation of the at-will employment doctrine in Pennsylvania.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Odessey Mohammed, requests that the Court grant her the following relief against Defendant:

(a) Compensatory damages;

(b) Punitive damages;

(c) Liquidated damages;

(d) Emotional pain and suffering;

(e) Reasonable attorneys' fees;

(f) Recoverable costs;

(g) Pre and post judgment interest;

(h) An allowance to compensate for negative tax consequences;

(i) A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of the PHRA, the PFPO and the at-will employment doctrine.

Case ID: 250801327

(j) Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to the Pennsylvania Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

RESPECTFULLY SUBMITTED,

KOLLER LAW, LLC

Date: August 12, 2025    By:  */s/David M. Koller*
David M. Koller, Esquire
Jordan D. Santo, Esquire
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
215-545-8917
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

*Counsel for Plaintiff*